Hunt v. Ewing.

## W. S. HUNT v. ROBERT EWING et al.

CHANCERY PLEADINGS AND PRACTICE. *Judgment lien. Mortgage.* The purchaser of a part of a tract of land, the whole of which land is subject to a prior judgment lien, and the residue of which is afterwards conveyed by the vendor in mortgage to secure a pre-existing debt, is entitled to come into equity for a declaration of his right to have the land mortgaged first subjected to the satisfaction of the judgment lien.

### FROM LINCOLN.

Appeal from the Chancery Court at Fayetteville. J. W. BURTON, Ch.

COOPER & FRIERSON and J. W. BONNER for complainant.

J. A. WARDER for defendants.

COOPER, J., delivered the opinion of the court.

This case was consolidated and heard together with

the case of the Lincoln Savings Bank against Robert Ewing and others. The bill was filed partly for the same purpose as the bill of the Lincoln Savings Bank, and to that extent must be dismissed. It was, however, also filed to have the charge of the judgment of the defendant, Ewing, as between the complainant and the Lincoln Savings Bank, first thrown upon that part of the land in controversy conveyed by the common debtor, D. M. Perkins, in mortgage to the bank. The equity of the bill is based upon the fact that Perkins, on November 13, 1874, sold and conveyed a part of the land absolutely to the complainant, and afterwards, on October 26, 1876, conveyed the residue of the land in mortgage to the bank to secure a pre-existing debt. The defendant, Ewing, claims a judgment lien on both parcels of the land which antedates both conveyances.

It was at first held by this court in a case like the one before us that there was no marshaling of assets in favor of any of the parties: *Jobe* v. *O'Brien*, 2 Hum., 34. But it has since then been repeatedly held, without directly overruling that case, that as between purchasers at different times of different parcels of land, the whole of which is subject to a prior lien, that the lands are chargeable in equity in the inverse order of alienation: *Wright* v. *Atkinson*, 3. Sneed, 586; *Thompson* v. *Pyland*, 3 Head, 537; *Rice* v. *Hunt*, 12 Heis., 349; *Henshaw* v. *Wells*, 9 Hum., 580. These were all cases of liens by contract, but the same doctrine has been held to apply to creditor's liens: *Jones* v. *Maney*, 7 Lea, 341: *Mowry* v.

*Davenport,* 6 Lea, 80. · · The principle of marshaling· securities is, of course, subject to the qualification that it can be done without operating to deprive the dominant creditor of any legal right : *Mowry* v. *Daven-* *port,* 6 Lea, 80, 99. No such difficulty in the way of enforcing the equity is shown to exist in this case. The judgment creditor may be entitled to subject the entire land if necessary to satisfy his debt, but, in view of the possibility of a surplus,. he may well be· required to sell the parcels in the reverse order of alienation. As between complainant and the Lincoln Savings Bank the equity of the complainant is clear.

A decree may be drawn up in accordance with this opinion. The complainant and the two defendants will each pay one-third of the entire costs of this branch of the case.